UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1330-MMM (PJW) | Date | May 22, 2013 |
|---|---|---|---|
| Title | *Onyango Merceline v. Lt. Brooks, et al.* | | |

| Present: The Honorable | Patrick J. Walsh, U.S. Magistrate Judge |
|---|---|
| Celia Anglon-Reed | N/A |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| None | None |

**Proceedings:**     Order to Show Cause Why Action Should Not Be Dismissed with Prejudice

  Before the Court is a civil rights Complaint filed by Plaintiff against various guards at California Institution for Women and other prisons, mainly alleging that they took her property. (Doc. No. 8 at 3-4.) After screening the Complaint, the Court finds that she has not and likely can not state a cause of action under the civil rights statute he sues under, 42 U.S.C. § 1983. The Court will, however, allow her the opportunity to explain why the case should not be dismissed with prejudice at this stage.

  The Court is required to screen *pro se* complaints brought by prisoners and dismiss claims that, among other things, are frivolous, malicious, or fail to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(a)-(b)(1). In determining whether Plaintiff has stated a claim, the Court accepts as true the factual allegations contained in the complaint and views all inferences in a light most favorable to her. *See Hamilton v. Brown*, 630 F.3d 889, 892 (9th Cir. 2011). The Court does not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Because Plaintiff is proceeding *pro se*, the Court construes the complaint liberally. *Barrett v. Belleque*, 544 F.3d 1060, 1062 (9th Cir. 2008) (per curiam).

  Because the state of California has an adequate post-deprivation remedy, Plaintiff cannot sue under § 1983 for the loss of her property. *See Hudson v. Palmer*, 468 U.S. 517, 533-35 (1984) (holding negligent or intentional deprivation of property does not violate due process if state has meaningful post-deprivation remedy available); *Barnett v. Centoni*, 31 F.3d 813, 817 (9th Cir. 1994) ("California Law provides an adequate post-deprivation remedy for any property deprivations. *See* Cal. Gov't Code §§ 810-895.").

  Further, inmates are required to exhaust administrative remedies before bringing a civil rights action challenging the conditions of their confinement. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 532 U.S. 731, 741 (2001). Plaintiff admits that she has not exhausted her administrative remedies. (Complaint at 2.) Thus, her action is subject to dismissal under this ground as well. *Booth*, 532 U.S. at 741.

  Moreover, Plaintiff indicated in earlier pleadings that she was facing imminent deportation but has not provided us with a copy of her new address. And she stated in her papers that once deported she "will not have enough time" to deal with her case. (Doc. No. 11.) Thus, the Court is wondering

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1330-MMM (PJW) | Date | May 22, 2013 |
|---|---|---|---|
| Title | *Onyango Merceline v. Lt. Brooks, et al.* | | |

whether Plaintiff is still interested in pursuing this action.  *See, e.g.,* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (affirming dismissal for failure to prosecute); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (same).

      Though it does not appear that anything Plaintiff can say or do can cure the defects in her Complaint, recognizing that she is proceeding *pro se*, the Court will allow her an opportunity to explain why the Complaint should not be dismissed with prejudice.  Plaintiff should also inform the Court of her new address and whether she is still interested in pursuing these claims.  (Plaintiff must keep the Court informed of any change of address or her case will be dismissed.)  Plaintiff has until June 17, 2013, to file her brief.  Failure to timely abide by this Order will result in the dismissal of this action.

cc:
Onyango Merceline
WA7713
California Institution for Women
SCU-105L
PO Box 8100
Corona, CA 92878

S:\PJW\Cases-Civil Rights\MERCELINE 1330\MO screening.wpd

              : 00

Initials of Preparer   ca