O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ONYANGO MERCELINE,<br><br>        Plaintiff,<br><br>    v.<br><br>LT. BROOKS, et al.,<br><br>        Defendants. | CASE NO. CV 12-1330-MMM (PJW)<br><br>ORDER DISMISSING ACTION FOR<br>FAILURE TO PROSECUTE |

    In 2012, Plaintiff Onyango Merceline, a state prisoner proceeding *pro se*, filed this civil rights action alleging, among other things, that prison personnel at the California Institution for Women and other state prisons kept her incarcerated beyond her release date, destroyed her personal property, were deliberately indifferent to her serious medical needs, and took her blood without her consent. Plaintiff subsequently informed the Court that she was subject to removal and anticipated being removed eight months. (Doc. No. 11.)

    After screening the Complaint, the Court issued an order to show cause as to why it should not be dismissed for failure to exhaust. (Doc. No. 13.) The Court also inquired as to whether Plaintiff wished to continue to pursue her claims in light of her imminent deportation.

Plaintiff subsequently requested an extension of time in which to show cause or file an amended complaint, which the Court granted. (Doc. Nos. 14, 16.) In September 2013, she filed a First Amended Complaint ("FAC") but it, too, was dismissed at the screening stage in November 2013. (Doc. No. 23.) The Court granted Plaintiff leave to file a Second Amended Complaint ("SAC") no later than December 23, 2013. (Doc. No. 23.)

The Court's order dismissing the FAC was returned by the Post Office as undeliverable because Plaintiff was no longer at the address on file with the Court. (Doc. No. 24.) In addition, a prior minute order by the Court denying Plaintiff's request for appointment of counsel was returned as undeliverable. (Doc. Nos. 20, 21, 22.) Presumably because she did not receive the Court's orders, Plaintiff failed to file the SAC by the deadline.

In the interim, however, Plaintiff wrote to the Court stating that she had again changed her address. (Doc. No. 26.) In response, in February 2014, the Court issued another minute order informing Plaintiff that it was re-sending its prior orders dismissing the FAC and denying her request for appointment of counsel. (Doc. No. 27.) In addition, the Court granted Plaintiff leave to file a SAC no later than March 20, 2014. The Court admonished Plaintiff that it was her responsibility to provide the Court with notice of her current address and that, if she failed to do so, the action would be subject to dismissal. These orders were returned to the Court undeliverable and Plaintiff failed to file a SAC. (Doc. Nos. 28, 29.) To date, Plaintiff has not filed a SAC nor provided the Court with an address where she can be reached. Given Plaintiff's previous pleadings informing the Court that she was in ICE custody and anticipated being

removed from the country at any time it appears likely that she has been deported.

It is well established that a district court has the authority to dismiss an action for failure to prosecute or for failure to comply with its orders. Fed. R. Civ. P. 41(b); *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629-31 (1962) (district court has authority to dismiss for lack of prosecution in order to prevent undue delay in disposing of pending cases and to avoid congestion in court's calendar); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (district courts have authority to dismiss actions for failure to comply with any order of the court). In determining whether dismissal is appropriate, the court considers five factors: (1) the public interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Ferdik*, 963 F.2d at 1260-61.

Here, the first two factors--the public interest in expeditious resolution of litigation and the Court's need to manage its docket--weigh heavily in favor of dismissal. Despite being granted extensions of time, Plaintiff has failed to file a SAC. There is therefore no operative complaint in this matter on which the litigation can proceed. In addition, Plaintiff has failed to comply with the Court's orders requiring her to keep the Court informed of her current address, despite being warned that the case could be dismissed if she failed to do so. Not only is the Court now unable to communicate with her to move the case forward, but Plaintiff's conduct indicates to the Court that she does not intend to comply with its directives or diligently pursue this action. It is therefore against the public

3

interest in expeditious resolution of cases and against the Court's interest in managing its docket to expend judicial time and resources on an action which Plaintiff appears to no longer want to pursue.

With respect to the third factor--prejudice to Defendants--they have not been served yet and presumably are not yet aware that the action has been filed. Nevertheless, Defendants are likely to suffer prejudice as a result of the delay in this action because witnesses' memories are likely to fade and important evidence defendants may need to defend against Plaintiff's claims may be lost.

While the fourth factor--the public policy in favor of deciding cases on their merits--generally weighs against dismissal, it is Plaintiff's responsibility to move the case towards disposition at a reasonable pace. *Morris v. Morgan Stanley*, 942 F.2d 648, 652 (9th Cir. 1991). This, Plaintiff has not done. The Court has not heard from Plaintiff in nearly four months. Considering her repeated failures to file a SAC or comply with the Court's orders, as well as the number of attempts by the Court to move her case forward, the public policy favoring resolution on the merits must cede to the other important factors addressed herein.

The fifth factor--availability of less drastic alternatives--also weighs in favor of dismissal. The Court cannot impose any lesser, alternative sanctions, such as monetary sanctions, because Plaintiff cannot be located and because she is indigent.

Given the foregoing circumstances, dismissal for failure to prosecute is warranted in this action. The action, therefore, is dismissed without prejudice under Federal Rule of Civil Procedure 41(b), Local Rule 41-6, and the Court's inherent power to orderly and

expeditiously dispose of cases by dismissing those in which the plaintiff fails to prosecute.[1]  *Link*, 370 U.S. at 629-31.

IT IS SO ORDERED.

DATED:    May 22, 2014

MARGARET M. MORROW
UNITED STATES DISTRICT JUDGE

Presented by:

/S/ Patrick J. Walsh
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Temp\notesD30550\CV 12-01330-ORDER.wpd

---

[1] Local Rule 41-6 provides that, if a party proceeding *pro se* fails to keep the Court apprised of his current address, "the Court may dismiss the action with or without prejudice for want of prosecution."